PEB/KO: USAO 2012R00881

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 29 P 4:03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. CCB-13-038 |
| v. | : |
| | : (Conspiracy to Commit Bank Fraud, |
| DERRICK ELROD, | : 18 U.S.C. § 1349; Aggravated Identity |
| | : Theft, 18 U.S.C. § 1028A(a)(1); and |
| Defendant. | : Aiding and Abetting, 18 U.S.C. § 2) |
| | : |

..oOo..

## INDICTMENT

### COUNT ONE

### (Bank Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendant **DERRICK ELROD ("ELROD")** lived at various addresses to include 1814 West Ontario Street, Philadelphia, Pennsylvania; and 3530 Braddock Street, Philadelphia, Pennsylvania. From October 24, 2005 through March 18, 2012, **ELROD** was employed by Resources for Human Development, Inc. ("RHD"), nonprofit social services organization headquartered in Philadelphia, Pennsylvania. **ELROD** worked for RHD at a residential program that supports individuals with mental health needs ("The Program").

2. Defendant **ELROD** and Christopher Andre Devine ("Devine") were friends for many years. Devine was also **ELROD's** barber.

3. "DD", "JB", "MS", "WG" and others were residents of The Program (hereinafter collectively referred to as the "Individual Victims"). **ELROD** stole personal identifying

information ("PII") of the Individual Victims from RHD and sold the PII to Devine for cash.

4. Devine enlisted Quanishia Williamson-Ross, Lenee E. Williamson, Quashonna Williamson, and John Waters to use the PII to fraudulently obtain money and property to which they were not entitled.

### The Victim Financial Institutions

5. Each of the following banks are financial institutions, as defined by 18 U.S.C. § 20, the deposits of which were insured by the FDIC and each of which have headquarters in the United States and conduct business worldwide. The victim financial institutions are collectively referred to herein as "banks" or "financial institutions."

    a. Bank of America, headquartered in Charlotte, North Carolina.

    b. PNC Bank, headquartered in Pittsburgh, Pennsylvania.

    c. Sovereign Bank, headquartered in Wyomissing, Pennsylvania.

    d. TD Bank, N.A. ("TD Bank"), headquartered in Cherry Hill, New Jersey.

    e. Wachovia Bank, headquartered in, Charlotte, North Carolina.

    f. Wells Fargo Bank, headquartered in San Francisco, California.

    g. 3rd Federal Bank, headquartered in Newtown, Pennsylvania.

### The Charge

6. From on or about December 2008 through on or about December 22, 2011, in the District of Maryland, the Districts of Pennsylvania, and elsewhere, the defendant,

**DERRICK ELROD,**

did knowingly and intentionally combine, conspire, confederate and agree together and with Christopher Devine, Quanishia Williamson-Ross, Lenee E. Williamson, Quashonna Williamson,

John Waters and other persons, both known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain money and property owned by, and under the custody and control of, financial institutions, by means of material false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## OBJECT OF THE CONSPIRACY AND THE SCHEME TO DEFRAUD

7. It was the object of the conspiracy and of the scheme to defraud to use the names, social security numbers, and other personal identifying information of various individual victims, with and without their knowledge and consent, to obtain checking accounts to deposit fraudulent checks in order to purchase consumer goods and services for the conspirators' own use without intending to pay for them, thereby obtaining money and property from, and causing a loss to, the victim financial institutions.

## MANNER AND MEANS OF THE CONSPIRACY AND THE SCHEME TO DEFRAUD

8. It was part of the conspiracy and the scheme to defraud that **ELROD** used his employment as a Residential Advisor at RHD to obtain access to the names, social security numbers, and other personal identifying information of persons who were past or present residents of RHD.

9. It was further part of the conspiracy and the scheme to defraud that **ELROD** provided the personal identifying information of persons who were past or present residents of the Program to Devine, Williamson-Ross, Williamson, Quashonna Williamson and others known and unknown to the Grand Jury to open checking accounts and obtain check cards for the accounts at various financial institutions.

3

10. It was further part of the conspiracy and the scheme to defraud that Devine, Williamson-Ross, Williamson, Quashonna Williamson, Waters, and others known and unknown to the Grand Jury, recruited and paid individuals including **ELROD** to open checking accounts and obtain check cards for the accounts at various financial institutions. The co-conspirators would then assume control of the accounts and associated check cards after the account was established.

11. It was further part of the conspiracy and the scheme to defraud that Devine, Williamson-Ross, Williamson, and others known and unknown to the Grand Jury, after gaining control over the checking accounts, deposited fraudulent checks into the bank accounts and then use the check cards at ATM machines to make cash withdrawals from the checking accounts.

12. It was further part of the conspiracy and scheme to defraud that **ELROD** provided Devine, and others known and unknown to the grand jury, personal identifying information of "DD," "JB," "MS," "WG." BB

13. It was further part of the conspiracy and scheme to defraud that Devine, Williamson-Ross, Williamson, Quashonna Williamson, and others known and unknown to the Grand Jury deposited fraudulent checks totaling $4,800.00 into checking accounts in the name of **ELROD** at Citizens Bank and made approximately $2,028.83 in cash advances and retail purchases from funds made available by the banks prior to the bad checks being returned for insufficient funds.

14. It was further part of the scheme and artifice to defraud that from on or about May 28, 2010 through on or about August 13, 2010, Devine, Williamson-Ross, Williamson, Quashonna Williamson, and others known and unknown to the Grand Jury, deposited bad

checks totaling $2,408.00 into checking accounts in the name of "WG" at Wachovia Bank and made approximately $2,029.00 in cash advances and retail purchases from funds made available by the bank prior to the bad checks being returned for insufficient funds.

15. It was further part of the scheme and artifice to defraud that from on or about June 18, 2010 through on or about December 14, 2011, Devine, Williamson-Ross, Williamson, Quashonna Williamson, and others known and unknown to the Grand Jury, deposited bad checks totaling $2,000.00 into checking accounts in the name of "JB" at Bank of America and made approximately $1,935.54 in cash advances and retail purchases from funds made available by the bank prior to the bad checks being returned for insufficient funds.

16. It was further part of the scheme and artifice to defraud that from on or about December 15, 2010 through on or about, October 11, 2011, Devine, Williamson-Ross, Williamson, Quashonna Williamson, and others known and unknown to the Grand Jury, deposited bad checks totaling $1,890.00 into checking accounts in the name of "DD" at Bank of America and made approximately $224.20 in cash advances and retail purchases from funds made available by the bank prior to the bad checks being returned for insufficient funds.

17. It was further part of the scheme and artifice to defraud that from on or about April 21, 2011 through on or about October 14, 2011, Devine, Williamson-Ross, Williamson, Quashonna Williamson, and others known and unknown to the Grand Jury, deposited bad checks totaling $4,500.00 into checking accounts in the name of "MS" at Sovereign Bank and made approximately $5,130.74 in cash advances and retail purchases from funds made available by the bank prior to the bad checks being returned for insufficient funds.

18 U.S.C. § 1349

## COUNT TWO
## (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 5, and 7 through 17 of Count One are incorporated here.

2. On or about October 6, 2011, in the District of Maryland, the Districts of Pennsylvania and elsewhere, the defendant,

## DERRICK ELROD,

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another specific individual, to wit, the name and other personal identifying information of "DD" during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## COUNT THREE
## (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 5, and 7 through 17 of Count One are incorporated here.

2. On or about October 12, 2011, in the District of Maryland, the Districts of Pennsylvania and elsewhere, the defendant,

## DERRICK ELROD,

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another specific individual, to wit, using the name and other personal identifying information of "MS" during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 5, and 7 through 17 of Count One are incorporated here.

2. On or about December 14, 2011, in the District of Maryland, the Districts of Pennsylvania and elsewhere, the defendant,

### DERRICK ELROD,

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another specific individual, to wit, using the name and other personal identifying information of "JB" during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

_____
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: January 29, 2013

8